**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br>OUTFOX HOSPITALITY, LLC, *et al.*,[1]<br>Debtors. | Chapter 7<br>Case No. 24-11008 (CTG)<br>(Jointly Administered) |
| Jeoffrey L. Burtch, Chapter 7 Trustee for the Bankruptcy Estates of Outfox Hospitality LLC, *et al.*,<br>Plaintiff,<br>v.<br>Defendants Listed on Exhibit 1,<br>Defendants. | **RE: D.I. 205** |

**ORDER APPROVING TRUSTEE'S MOTION FOR ORDER ESTABLISHING STREAMLINED PROCEDURES GOVERNING ADVERSARY PROCEEDINGS BROUGHT BY PLAINTIFF PURSUANT TO SECTIONS 502, 547, AND 550 OF THE BANKRUPTCY CODE**

Upon the *Trustee's Motion for Order Establishing Streamlined Procedures Governing Adversary Proceedings Brought by Plaintiff Pursuant to Sections 502, 547, and 550 of the Bankruptcy Code* (the "Motion");[2] and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that the relief requested in the Motion is in the best interests of the Estates, creditors, and other parties in interest; and this Court having found that

[1] The Debtors in these chapter 7 cases, along with each Debtor's bankruptcy case number, are Outfox Hospitality, LLC, Bk. No. 24-11008 (CTG); Outfox Hospitality Midco, LLC, Bk. No. 24- 11009(CTG); Doms Market, LLC, Bk. No. 24-11010 (CTG); Doms Market Holdco, Inc., Bk. No. 24-11011(CTG); Foxtrot Intermediate Texas, Inc., Bk. No. 24-11012 (CTG); Foxtrot Holdings Texas, Inc., Bk. No. 24-11013 (CTG); Foxtrot Retail, Inc., Bk No. 24-11014 (CTG); Foxtrot Retail DC, LLC, Bk. 24-11015 (CTG); Foxtrot Retail Florida, LLC, Bk. No. 24-11016 (TMH); Foxtrot Retail Texas, Inc., Bk. No. 24-11017 (CTG); and Foxtrot Ventures, Inc., Bk No. 24-11018 (CTG).

[2] Capitalized terms not otherwise defined in this Order (including the Exhibit attached to this Order) shall have the meanings provided in the Motion.

notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances, and no further or additional notice need be provided; and this Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

2. The Motion is granted.

3. This Order approving the Motion shall apply to all Defendants in the Avoidance Actions listed in **Exhibit 1**, attached hereto.

4. The time to file an answer or other responsive pleading to a complaint filed in an Avoidance Action shall automatically be extended such that an answer or other responsive pleading is due by September 30, 2026, rather than thirty (30) days after the issuance of the summons.

5. The pretrial conference scheduled on August 5, 2026, at 1:00 p.m. (prevailing Eastern Time), pursuant to Fed. R. Civ. P. 16, made applicable herein pursuant to Bankruptcy Rule 7016 and Local Rule 7016-1, is hereby adjourned to a future date to be determined after the conclusion of the Mediation Process, and to be properly noticed by the Trustee.

6. The Trustee may agree with any of the Defendants, on a case-by-case basis, to waive the requirement of holding a scheduling conference under Fed. R. Civ. P. 26(f), made applicable herein pursuant to Bankruptcy Rule 7026.

7. The Parties' obligation to conduct formal discovery in each Avoidance Action shall be, and hereby is, stayed until the mediation process has concluded, provided that the stay of formal discovery shall in no way preclude, with respect to any Avoidance Action, the Trustee and the Defendants from informally exchanging documents and information in an attempt to resolve such

Avoidance Actions in advance of, or during, the mediation process. For the avoidance of doubt, no party shall be obligated to respond to formal discovery requests prior to the entry of a scheduling order governing such requests.

8. Any Avoidance Actions that have not been resolved and/or settled by September 30, 2026 (the "Remaining Avoidance Actions"), shall be referred to mediation.

9. Between October 1, 2026 and October 15, 2026, Defendants in each of the Remaining Avoidance Actions shall choose a mediator from the list of mediators hereto as **Exhibit 2** (the "Mediation Panel"), and notify the Trustee's counsel by email of the Defendant's choice of mediator. If a Defendant in a Remaining Avoidance Action does not timely choose a mediator from the Mediation Panel and notify the Trustee's counsel of their selection, the Trustee will assign such Remaining Avoidance Action to one of the mediators from the Mediation Panel.

10. Upon notification of a selection or assignment, the selected mediator shall have an opportunity to run conflicts checks on the Defendant(s) and, in the event of a conflict, may abstain from the particular mediation. Once the mediator selection period closes and a mediator is selected or assigned, as applicable, the Trustee shall file a notice of mediation indicating which mediator has been selected or assigned for each Remaining Avoidance Action.

11. On October 22, 2026, the Trustee, working with the mediators and the Defendants, will commence scheduling mediations. The Trustee will give at least twenty-one (21) days' written notice of the first date, time, and place of the mediation in each Remaining Avoidance Action, which shall be served on the applicable Defendant.

12. Within fourteen (14) days after the conclusion of each mediation, the applicable mediator shall file a Mediator's Report in the applicable Remaining Avoidance Action, which shall be limited to stating only whether the Remaining Avoidance Action settled or did not settle.

13. All mediations must conclude by December 31, 2026, unless otherwise agreed by the parties to a particular Avoidance Action.

14. By January 15, 2027, the Trustee shall request from the Court and notice an FRCP 16 pretrial conference for all Remaining Avoidance Actions not resolved through mediation, and formal discovery for such unresolved Remaining Avoidance Actions shall proceed in accordance with a scheduling order in accordance with Local Rule 7016-1.

15. The Settlement Procedures, as set out in **Exhibit 3** hereto, are approved, and shall apply to the Avoidance Actions.

16. The Bankruptcy Code, Bankruptcy Rules, and Local Rules shall apply to the Avoidance Actions, except to the extent that they conflict with this Order and the procedures approved herein.

17. The Trustee is authorized to take all actions necessary to implement the relief granted in this Order, including the implementation of the Settlement Procedures.

18. This Order shall be effective immediately upon its entry.

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order and the Settlement Procedures.

**Dated: July 30th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

# EXHIBIT 1

## Avoidance Actions

26-50251-CTG Burtch v. Breakthru Beverage Illinois, LLC
26-50253-CTG Burtch v. Republic National Distributing Company, LLC
26-50254-CTG Burtch v. Schindler Elevator Company
26-50255-CTG Burtch v. Portier, LLC, Uber Technologies, Inc.
26-50257-CTG Burtch v. Gourmet Foods International, Ltd. d/b/a GFI Midwest LLC; and Gourmet Foods International, Ltd. d/b/a Gourmet Foods International (GFI)
26-50258-CTG Burtch v. FleuraMetz USA LLC d/b/a FleuraMetz USA et al
26-50259-CTG Burtch v. Forward Food, Inc., d/b/a Surely
26-50260-CTG Burtch v. Agents of Influence, LLC d/b/a The 5th Column PR
26-50261-CTG Burtch v. Vinejoy LLC
26-50262-CTG Burtch v. TriMark USA, LLC f/k/a Strategic Equipment, LLC
26-50263-CTG Burtch v. TriMark Marlinn, LLC
26-50264-CTG Burtch v. Adams-Burch, LLC d/b/a TriMark Adams-Burch
26-50265-CTG Burtch v. Bellissimo Distribution, LLC, d/b/a Greco and Sons
26-50266-CTG Burtch v. Gordon Food Service, Inc.
26-50267-CTG Burtch v. Engie Resources LLC
26-50268-CTG Burtch v. Fortune International, LLC d/b/a Fortune Fish Company
26-50269-CTG Burtch v. Fulton Troika, LLC d/b/a Fulton Market Chicago
26-50270-CTG Burtch v. STAP, Inc., d/b/a Fox De Luxe
26-50271-CTG Burtch v. European Imports, Inc.
26-50274-CTG Burtch v. Sikich USA CPA LLP f/k/a Sikich LLP
26-50275-CTG Burtch v. Spirit Tea LLC
26-50277-CTG Burtch v. Albert's Organics, Inc.
26-50278-CTG Burtch v. Alamode Foods, Inc.
26-50279-CTG Burtch v. Artisan Specialty Foods, Inc.
26-50280-CTG Burtch v. Candy People, LLC
26-50281-CTG Burtch v. Bergin Fruit Co., Inc. d/b/a Bergin Fruit and Nut Company
26-50282-CTG Burtch v. Big. Fat. Cookie. LLC
26-50283-CTG Burtch v. Bunzl Distribution Leasing, Inc. d/b/a Bunzl Chicago
26-50284-CTG Burtch v. D.A. Stein Culinary Group, LLC f/k/a Brett Anthony Foods
26-50285-CTG Burtch v. Braintree, Inc.
26-50286-CTG Burtch v. City Beverage - Illinois L.L.C. d/b/a Lakeshore Beverages
26-50287-CTG Burtch v. Lagniappe LLC
26-50288-CTG Burtch v. Maplebear Inc. d/b/a Instacart
26-50289-CTG Burtch v. KeHE Distributors, LLC
26-50290-CTG Burtch v. HRPivot Inc.
26-50291-CTG Burtch v. Lipari Foods Operating Company, LLC
26-50292-CTG Burtch v. P.J.K. Food Service, LLC d/b/a Keany Produce & Gourmet
26-50293-CTG Burtch v. ISOLA Imports, Inc.
26-50294-CTG Burtch v. Hill Country Dairies, Inc.
26-50295-CTG Burtch v. Homesome, Inc.
26-50296-CTG Burtch v. UVA Distributors, LLC d/b/a Momentum Beverage Team
26-50297-CTG Burtch v. Maverick Wine Co., LLC
26-50298-CTG Burtch v. Johnson Brothers Liquor Company d/b/a Maverick Beverage Company, LLC
26-50299-CTG Burtch v. Marathon Systems Inc.
26-50300-CTG Burtch v. Martinez Family Provisions
26-50301-CTG Burtch v. Merchant Bancard, LLC

26-50302-CTG Burtch v. Meats By Linz, Inc. d/b/a MeatsByLinz.com
26-50303-CTG Burtch v. Mid-West Institutional Food Distributors, Inc. d/b/a Midwest Foods
26-50304-CTG Burtch v. PABS Mgmt, Inc.
26-50305-CTG Burtch v. Passion Growers LLC
26-50306-CTG Burtch v. PBG Financial Services
26-50307-CTG Burtch v. PMsquare LLC
26-50308-CTG Burtch v. POD Foods Co.
26-50309-CTG Burtch v. Winebow, Inc. d/b/a Winebow Group
26-50310-CTG Burtch v. Southern Glazer's Wine and Spirits, LLC d/b/a
26-50311-CTG Burtch v. United Natural Foods, Inc. d/b/a UNFI Equipment Services
26-50312-CTG Burtch v. The Peoples Gas Light and Coke Company
26-50313-CTG Burtch v. The Chefs' Warehouse Midwest, LLC
26-50314-CTG Burtch v. SYSCO Corporation
26-50315-CTG Burtch v. Potomac Electric Power Company
26-50316-CTG Burtch v. JFC International, Inc.
26-50317-CTG Burtch v. Core-Mark Midcontinent, Inc.
26-50318-CTG Burtch v. Campagna-Turano Bakery, Inc. d/b/a Campagna Turano Baking Company
26-50319-CTG Burtch v. Cook Au Vin, LLC
26-50320-CTG Burtch v. Compass Gorup USA, Inc. d/b/a CBC Specialty Beverage
26-50321-CTG Burtch v. Brothers Produce of Dallas, Inc. d/b/a Brothers Food Service
26-50322-CTG Burtch v. Chicago Beverage Systems, L.L.C.
26-50323-CTG Burtch v. Commonwealth Edison Company
26-50324-CTG Burtch v. R.F. Beverage, LLC d/b/a Romano Beverage
26-50325-CTG Burtch v. Premium Distributors of Washington D.C., LLC
26-50326-CTG Burtch v. Cream Wine Company, LLC
26-50327-CTG Burtch v. BrooklynDC LLC d/b/a Pluma Bakery et al

# EXHIBIT 2

## Mediation Panel

1. Derek Abbott
2. Ian Connor Bifferato
3. Mark Minuti

# EXHIBIT 3

## Settlement Procedures

The Trustee may settle the Estates' claims relating to the Transfers (regardless of whether an Avoidance Action has been commenced) in accordance with the following procedures, depending on the total amount of the Transfers that the Trustee is seeking to recover from the Transferee with whom he is proposing to settle:

- Transfer Amount Demanded is $200,000 or Greater. The Trustee shall move for Court approval of the proposed settlement pursuant to Bankruptcy Rule 9019, on notice to the Office of the United States Trustee and all parties who have requested service of pleadings and other filings in the Chapter 7 Cases. For the avoidance of doubt, the Trustee may file omnibus motions for approval of multiple settlements.

- Transfer Amount Demanded is between $100,000 and $200,000. The Trustee shall file a notice of proposed settlement with the Court, and shall serve the notice on the Office of the United States Trustee and all parties who have requested service of pleadings and other filings in the Chapter 7 Cases. If no objection to the proposed settlement is filed and served on the Trustee within ten (10) business days of the filing of the notice, the Trustee shall be authorized to consummate the settlement without order of the Court. If a timely objection is filed and served on the Trustee, the Trustee shall cause such objection to be heard at the Court's earliest convenience, and shall provide notice of the hearing to the objecting party. For the avoidance of doubt, the Trustee and the objecting party may informally resolve any objection, in which case the Trustee shall file a notice stating that such objection has been resolved, and may consummate the applicable settlement without order of the Court or further notice.

- Transfer Amount Demanded is $100,000 or Lower. The Trustee shall be authorized to consummate such settlement without order of the Court and without giving notice to, or receiving consent from, any other party.